1   Timothy P. Dillon, Esq. (SBN 190839)
2   Christopher Beal, Esq. (SBN 216579)
    **DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP**
3   5872 Owens Avenue, Suite 200
4   Carlsbad, California  92008
    Telephone:  (858) 587-1800
5   Facsimile:   (858) 587-2587
6   Email:  tdillon@dghmalaw.com
    Email:  cbeal@dghmalaw.com
7
8   Attorneys for Plaintiff,
    XIFIN, INC.
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIFIN, INC., a California Corporation, | Case No.:  **'18CV0890 JLS  BLM** |
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF WRITTEN CONTRACT (RPM CONTRACT)** |
| DIAGNOSTIC LAB SERVICES, LP, a Texas limited partnership, | |
| Defendant. | **JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff, XIFIN, Inc. ("Plaintiff"), alleges as follows:

## NATURE OF ACTION

1.     In this action, Plaintiff seeks damages for breach of written contract entered into between Plaintiff and Defendant Diagnostic Lab Services, LP (hereinafter, "Defendant").

## JURISDICTION

2.     This court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

3.     This court has personal jurisdiction over Defendant, because Defendant engaged in business in San Diego, California by, among other actions, entering into in San Diego, California the contract that is the subject of this lawsuit, and by engaging in extensive, systematic contact with Plaintiff in San Diego, California in connection with the performance of this contract.

## VENUE

4.     This Court is the proper venue for this case because the contract that is the subject of this action provides: "The parties agree that all actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in the federal or state courts located in the County of San Diego, California." In addition, a substantial part of the transactions and occurrences at issue in this case occurred in this District so as to satisfy the requirements of 28 U.S.C. § 1391(b).

## THE PARTIES

5.     Plaintiff is a corporation incorporated under the laws of the State of California with its principal place of business in San Diego, California.

6.     On information and belief, Defendant is a limited partnership organized under the laws of the State of Texas, and whose principal place of business is located at 16300 Addison Road, Suite 110, Addison, Texas. On information and belief, Defendant's general partner and limited partners are citizens of the State of Texas.

1.

COMPLAINT

## BACKGROUND ALLEGATIONS

7.     Plaintiff is a San Diego healthcare information technology company that provides its clients (who are healthcare diagnostic service providers of all types) with cloud-based billing services. To provide these services, Plaintiff has developed a proprietary internet-based accounts receivable and billing management system. Plaintiff markets this comprehensive, highly automated billing management system as its Revenue Performance Management system ("RPM").  It is offered to clients pursuant to written service agreements—i.e., **RPM contracts**.  Pursuant to these RPM contracts, Plaintiff processes more than 200 million claims per year for its various clients in the healthcare industry.

8.     Defendant allegedly provides diagnostic services to healthcare providers in the United States, with its principal place of business is in Addison, Texas.  On August 17, 2016, Defendant entered into an RPM contract with Plaintiff.

## FIRST CLAIM FOR RELIEF

### [Breach of Systems and Services Agreement—the RPM Contract]

9.     Plaintiff re-alleges paragraphs 1 through 8 of this Complaint.

10.     On August 17, 2016, Plaintiff and Defendant entered into a written Systems and Services Agreement (hereinafter, the "RPM Contract"), providing for cloud-based laboratory diagnostic billing services by Plaintiff to Defendant.

11.     The material terms of the RPM Contract are as follows:

    a.     Plaintiff is to arrange for the implementation of the RPM system by preparing and configuring Plaintiff's cloud-based system for use by Defendant. (RPM Contract, §2.1.1.)

    b.     After implementation, Plaintiff is to facilitate the use of the cloud-based RPM system. (RPM Contract, §2.1.2.)

    c.     Defendant is to remit payment to Plaintiff pursuant to Schedule 1- Fees & Payments. (RPM Contract, § 3.1.)  Schedule 1 includes a monthly Minimum Service Fee of $20,000. (RPM Contract, Schedule

2.

COMPLAINT

1.)

d.  The Initial Term of the RPM Contract begins with its Effective Date and continues for a period of 36 months from the System Environment Delivery Date. (RPM Contract, §9.1.)

e.  Either party is allowed to terminate the RPM Contract for cause, in the event of a material breach of the agreement, 60 days after the expiration of written notice of such breach (however, the cure period for non-payment is 15 days). (RPM Contract, § 9.3.)

f.  If Plaintiff terminates the RPM Contract as the result of an uncured material breach by Defendant, Defendant agrees to immediately pay Plaintiff the Minimum Service Fee as set forth in Schedule 1 – Fees & Payments, for the remainder of months for the then-current Term. (RPM Contract, § 9.4.2.)

g.  Defendant agrees to pay Plaintiff a 1.5% per month late fee on all overdue balances. (RPM Contract, § 3.1.)

h.  The expiration or earlier termination of the RPM Contract does not relieve Plaintiff or Defendant of the obligations that accrued prior to the expiration or termination. (RPM Contract, § 9.5.)

i.  The RPM Contract is to be construed in accordance with the laws of the State of California (without giving effect to the conflict of law principles of California), and all actions or proceedings arising in connection with the RPM Contract are to be tried and litigated exclusively in the federal or state courts located in the County of San Diego, California. (RPM Contract, § 10.5.)

12.  Following execution of the RPM Contract, XIFIN implemented its RPM system for the benefit of Defendant and began providing Services under the contract on or about November 1, 2016 (the System Environment Delivery Date). Thus, the RPM Contract's initial term was to run until November 2, 2019.

3.

COMPLAINT

13.     Plaintiff has performed all material terms of the RPM Contract, except to the extent its performance was excused by Defendant's prior non-performance of material terms thereof.

14.     Defendant has materially breached the terms of the RPM Contract by failing to pay all amounts due per the terms of RPM Contract thereto.

15.     On June 26, 2017, Plaintiff notified Defendant in a writing received by Defendant that Defendant materially breached the RPM Contract by failing to pay all amounts due as required per the terms of RPM Contract. Defendant failed to cure such breach.

16.     On August 29, 2017, and pursuant to Section 9.3 of the RPM Contract, Plaintiff terminated the RPM Contract and provided written notice of same to Defendant.

17.     As of May 1, 2018, and as a direct and proximate result of Defendant's breach of RPM Contract, Plaintiff has suffered damages in the amount of $166,745.67 in unpaid service fees, other fees, and finance charges.  Plaintiff has also suffered damages in the amount of $540,000 in unpaid Minimum Service Fees due and owing upon termination pursuant to Section 9.4.2 of the Contract.

///
///
///
///
///
///
///
///
///
///
///
///

4.
COMPLAINT

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant as follows:**

## FIRST CLAIM FOR RELIEF:

1.  For Damages in the amount of $706,745.67

2.  For pre-judgment interest;

3.  For costs of suit incurred herein;

4.  For such other and further legal or equitable relief as the Court deems just and proper.

Dated: May 8, 2018                    **DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP**


By: /s/ Timothy P. Dillon, Esq.
    Timothy P. Dillon, Esq.
    Christopher Beal, Esq.
    Attorneys for
    XIFIN, INC.


## JURY DEMAND

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated: May 8, 2018                    **DILLON GERARDI HERSHBERGER MILLER & AHUJA, LLP**


By: /s/ Timothy P. Dillon, Esq.
    Timothy P. Dillon, Esq.
    Christopher Beal, Esq.
    Attorneys for
    XIFIN, INC.

5.
COMPLAINT